566 F. Supp. 1523

LOIS JEANS & JACKETS, U.S.A., INC., now known as LOIS SPORTS-WEAR, U.S.A., INC., PLAINTIFF, *v.* UNITED STATES, DEFENDANT

Court No. 83-4-00620

Before BERNARD NEWMAN, *Judge.*

(Dated May 27, 1983)

*Whitman & Ransom, Esqs. (John M. Hadlock* and *Max F. Shutzman,* Esqs., of counsel), for the plaintiff.

*J. Paul McGrath,* Assistant Attorney General; *Joseph I. Liebman,* Attorney in Charge, International Trade Field Office, Commercial Litigation Branch and *Michael P. Maxwell, Esq.,* for the defendant.

BERNARD NEWMAN, *Judge.*

### *Opinion*

In *S. J. Stile Associates Ltd.* v. *Dennis Snyder,* 68 CCPA 27, C.A.D. 1261, 646 F.2d 522 (1981), our Appellate Court succinctly enumerated the relevant factors in considering an application for a preliminary injunction:

> * * * (1) a threat of immediate irreparable harm; (2) * * * the public interest would be better served by issuing than by denying the injunction; (3) a likelihood of success on the merits; and (4) that the balance of hardship on the parties favored [plaintiff].

After considering the criteria mentioned above, I find that this is an appropriate case for the issuance of preliminary injunctive relief in the exericse of the Court's discretion.

## I

### IRREPARABLE HARM

Plaintiff contends that it will suffer immediate irreparable harm if implementation of the redelivery notices issued under the June 30, 1982 Customs ruling is not enjoined during the pendency of this action. In support of that contention, plaintiff submitted an affidavit of its president, Franz X. Richetti, and oral testimony by two witnesses at the hearing on May 9, 1983. Defendant submitted no evidence in rebuttal.

The evidence adduced by plaintiff establishes that Customs, without formal or informal notice to plaintiff, reconsidered its original June 4, 1981 ruling (which permitted the entry of the Lois jeans); and after reversing its original ruling on June 30, 1982, Customs

likewise gave Lois no notice of the new ruling. See discussion of the merits, *infra*. Moreover, the unrebutted evidence adequately demonstrates plaintiff's extensive promotional efforts and marketing endeavors, substantial expenditures, and the sales and advertising commitments incurred in understandable reliance upon the favorable ruling of June 4, 1981. Further, it appears that because a substantial number of the imported jeans had already been shipped to plaintiff's customers in accordance with prior orders, it is now impossible for plaintiff to redeliver such jeans to Customs' custody and comply with the notices of March 1, 1983. Moreover, at the time plaintiff received the redelivery notices, some 37 orders (representing 1,054 pairs of jeans) to be filled from the importations have not been shipped to customers because of the redelivery notices. Mr. Richetti's affidavit also avers that Lois has defaulted in filling other orders placed months before importation due to additional redelivery notices dated March 28, 1983 and received by plaintiff on or about April 1, 1983.

Finally, the evidence shows that defendant's actions have resulted in the loss to plaintiff of past and future sales, injury to plaintiff's reputation as a reliable supplier, and potential costs (which could not be precisely quantified) required for altering plaintiff's production methods in the event that plaintiff should be compelled to discontinue selling jeans bearing its double arcuate design in the United States market. Indeed, in 1982, approximately 70 percent of plaintiff's sales were of jeans bearing the design in dispute.

In light of the unrebutted evidence presented by plaintiff, I find that there is a viable threat of immediate irreparable injury if implementation of the redelivery notices issued pursuant to the June 30, 1982 Customs ruling is not enjoined *pendente lite*. The short of the matter is: by precluding plaintiff from filling its customers' orders for jeans placed months before importation and thus placing plaintiff in default of its obligations, the real prospect for lost future orders, the lost benefits from its past advertising, substantial expenditures for marketing and promotional efforts, and the loss of plaintiff's reputation in the trade and with the consuming public are significant actual and potential injuries which warrant the extraordinary relief of a preliminary injunction.

## II

### THE MERITS

Turning to the merits, I find that plaintiff is likely to succeed in establishing its claim that the contested notices of redelivery should be declared null and void on the ground that the June 30, 1982 ruling was made without compliance by the Customs Service with its regulations concerning notice and opportunity for comment.

Specifically, plaintiff asserts that there was noncompliance by Customs with the following regulations:

19 CFR § 177.10(c)(2):

> (2) Before the publication of a ruling which has the effect of changing a position of the Customs Service and which results in a restriction or prohibition, notice that the position (or prior ruling on which the position is based) is under review will be published in the FEDERAL REGISTER and interested parties given an opportunity to make written submissions with respect to the correctness of the contemplated change. * * *

19 CFR § 177.9(d)(1):

> (d) *Modification or revocation of ruling letters*—(1) *Generally.* Any ruling letter found to be in error or not in accordance with the current views of the Customs Service may be modified or revoked. Modification or revocation of a ruling letter shall be effected by giving notice to the person to whom the ruling letter was addressed and, where circumstances warrant, by the publication of a notice or other statement in the Customs Bulletin.

The record establishes that plaintiff received no notice (actual or constructive) that the initial ruling of June 4, 1981 was under reconsideration at the request of Levi, or that Customs had reversed the original ruling on June 30, 1982. Defendant, nevertheless, urges that since plaintiff learned of the June 30, 1982 ruling before it was implemented, and that Customs postponed implementation of the ruling for sixty days to provide Lois with an opportunity to rearrange its business affairs, noncompliance with the cited regulations was non-prejudicial.

While I agree with defendant's argument that non-prejudicial procedural defects in agency action should be ignored, here the procedural irregularities complained of by Lois—viz., lack of notice and opportunity to comment—are so fundamentally prejudicial as to constitute a deprivation of due process.

I cannot believe that *after* Customs had decided to reverse its prior June 4, 1981 ruling and issued its new ruling of June 30, 1982, the mere postponement of the latter's implementation by Customs sufficed to make noncompliance with the above-quoted regulations non-prejudicial. Obviously, when Customs made its new decision without the requisite notice, plaintiff had no opportunity for input into the reconsideration of the original ruling, nor was plaintiff accorded any opportunity to respond to Levi's arguments. Moreover, as noted *supra,* plaintiff was not even given notice by Customs after the issuance of the new ruling. Because of these basic procedural irregularities in the agency's action, I hold that there is a substantial likelihood that plaintiff will succeed in establishing the invalidity of the redelivery notices, which are predicated upon the June 30, 1982 ruling.

I further find that plaintiff is likely to succeed in establishing its alternative claim that the merchandise subject to the redelivery notices of March 1, 1983 was "on order" prior to the effective date of June 30, 1982 ruling, and therefore such merchandise is outside the scope of that ruling.

The June 30, 1982 ruling states, in pertinent part:

> This decision which reverses the previous position of the Customs Service will be effective 60 days after the date of this decision, so that shipments of Lois jeans bearing the infringing design which are in transit *or on order prior to the effective date of this decision* will not be considered as infringing. * * * [Italic added.]

As we have seen, the effective date of the June 30, 1982 ruling was postponed by Customs for sixty days to December 18, 1982 after consultation with counsel for plaintiff on October 18, 1982. The evidence proves that the subject merchandise was "on order" before December 18, 1982 (to fulfill prior commitments to plaintiff's customers). Consequently, the merchandise ordered prior to December 18, 1982, by the very terms of the ruling, "[would] not be considered as infringing".

Since plaintiff has established a likelihood of success on the merits of its claims that plaintiff was not given notice in connection with the reconsideration and issuance of the June 30, 1982 ruling, and that such ruling permitted plaintiff to enter all jeans "on order" before the effective date of the ruling, we need not reach the substantive aspects of the infringement issue. While plaintiff has raised serious and substantial questions going to the merits of its substantive trademark claim, essentially, the infringement issue is not within the exclusive jurisdiction of the Court of International Trade nor within the Court's special expertise in matters relating to international trade. As previously stated, the infringement issue is now before the District Court. In view of that circumstance, the forum of choice respecting the infringement issue from the standpoint of judicial expertise, economy and efficiency, is clearly in the District Court.

### BALANCE OF HARDSHIP AND THE PUBLIC INTEREST

In balancing the hardship upon the parties, there can be no doubt that the scale tips decidedly in plaintiff's favor. The record adequately demonstrates that there is a viable threat of immediate irreparable injury to plaintiff's business if preliminary injunctive relief were not granted. Defendant, on the other hand, faces no perceivable threat of economic loss if a preliminary injunction is granted. In point of fact, the sole interest of the Government in this action is in carrying out its statutory obligation respecting trademark infringement under 15 U.S.C. § 1124, and Levi has been conspicuously absent from any participation in these proceedings. Levi may, of course, protect its interests in the pending District

Court litigation. But plainly, the public interest is not served where, as here, Customs seeks to implement a ruling tainted by substantial procedural irregularities, as discussed *supra*.

## CONCLUSION

Plaintiff has satisfied the requirements for preliminary injunctive relief as enumerated in *S. J. Stile Associates Ltd., supra*.

Accordingly, in the critical necessity for expedition, this Court heretofore has issued an expedited order granting plaintiff a preliminary injunction, and this memorandum will serve to supplement that order.